IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANTE LOVE,

      Plaintiff,                          No. CIV S-09-1086 WBS GGH P

    vs.

EILYA MODHADDAM,

      Defendant.                      ORDER

_____/

        Pending before the undersigned is defendant's motion to compel and for sanctions filed January 21, 2010. Defendant alleges that on November 17, 2009, he served plaintiff with special interrogatories and a request for production of documents. Defendant contends that plaintiff failed to respond to these discovery requests. Defendant also states that he received a correspondence from inmate Thomas stating that plaintiff was unable to respond to the discovery requests because he had suffered a heart attack and was no longar at California State Prison-Sacramento. Defendant states that he received no notice of change of address from plaintiff.

        A copy of inmate Thomas' letter, dated December 1, 2009, is attached to defendant's motion as exhibit C. In this letter, inmate Thomas states that on November 19, 2009, plaintiff was taken to UC Davis after suffering a heart attack. Inmate Thomas states that of the date of his letter, plaintiff had not returned to California State Prison-Sacramento.

1

On March 25, 2010, plaintiff was ordered to show cause for his failure to respond to defendant's motion to compel. On April 6, 2010, plaintiff filed his response to the show cause order and an opposition to the motion to compel. Good cause appearing the order to show cause is discharged.

Plaintiff states that he could not respond to defendant's discovery requests because he suffered a heart attack on November 18, 2009. Plaintiff states that he returned to California State Prison-Sacramento on December 3, 2009, but remained confined to quarters until January 13, 2010. Plaintiff argues that he could not respond to defendant's discovery requests because of his medical problems. Plaintiff requests an extension of time to respond to defendant's discovery requests.

Because plaintiff suffered serious medical problems which affected his ability to respond to defendant's discovery requests, of which defendant was put on notice, the motion to compel and for sanctions is denied. Defendant shall re-serve plaintiff with the at-issue discovery requests within seven days of the date of this order. Plaintiff's response to these discovery requests are due within twenty-eight days of the date of this order. If plaintiff again fails to respond to the requests, defendant may renew his motion to compel.

Plaintiff has also requested the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court does not find the required exceptional circumstances. Plaintiff's request for the appointment of counsel will therefore be denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's motion to compel (no. 25) is denied;

2

2. The February 26, 2010, discovery deadline is extended only for purposes of the at-issue discovery; defendant shall re-serve plaintiff with the at-issue discovery requests within seven days of the date of this order; plaintiff's response to these discovery requests are due within twenty-eight days of the date of this order; if plaintiff again fails to respond to the requests, defendant may renew his motion to compel;

3. Plaintiff's motion for the appointment of counsel (no. 30) is denied.

DATED: April 14, 2010

/s/ Gregory G. Hollows
_____
UNITED STATES MAGISTRATE JUDGE

lov1086.com